IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NASU MURRAY, | * |
| Petitioner | * |
| v. | * CIVIL ACTION NO. PJM-07-129 |
| UNITED STATES OF AMERICA | * |
| Respondent. | * |

******

## MEMORANDUM OPINION

The court is in receipt of correspondence from Petitioner which as been construed as a Petition for Expungement. Paper No. 1.  For reasons to follow, the Petition shall be denied.

Petitioner was indicted in this court and pled guilty to conspiracy to manufacture counterfeit currency in violation of 18 U.S.C. § 371.  She was sentenced to four months imprisonment, two years supervised release, and ordered to pay a special assessment.  Petitioner seeks to expunge the judicial record because she has completed all aspects of the judgment and because the record has adverse consequences on her ability to obtain and maintain employment.

The power to expunge is a "narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *United States v. Steelwright*, 179 F.Supp.2d 567, 573-74 (D. Md. 2002).  While the district court possesses ancillary jurisdiction to expunge criminal records for "equitable considerations," such jurisdiction is limited to expunging the record of an <u>unlawful</u> arrest or conviction or to correct a clerical error.  *See United States v. Gary*, 206 F.Supp.2d 741 (D. Md. 2002).  The district court, however, does not have ancillary jurisdiction in a criminal case to expunge

an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief to enhance employment opportunities.[1]  *Id*.

The court commends Petitioner on the successful completion of her sentence as well as her graduation from nursing school and is cognizant of her wish to obtain further employment. It further acknowledges that in a post 9-11 world, background checks for employment may be more comprehensive as to raise the bar on previously known or unknown criminal court action. Nonetheless, the record here simply does not support expungement of the conviction for equitable considerations. There is no information or argument before this court showing that Petitioner's conviction was constitutionally unlawful.

The Petition for Expungement shall be denied. A separate Order follows.

                                                    /s/
                                      PETER J. MESSITTE
January 29, 2007                      UNITED STATES DISTRICT JUDGE

---

[1] In *Gary*, the Honorable Frederic N. Smalkin found that the power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress as the "Constitution prohibits federal courts from expanding their own subject matter jurisdiction." *Gary*, 206 F.Supp.2d at 741; *see also United States v. Steelwright*, 179 F.Supp.2d at 573-74.